IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARMEN F. SCURRY and ANDREA N. GARY,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMUNITY LIVING SOLUTIONS, INC. and DAWN M. SWINEY,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-CV-3994-MHC |

## ORDER

Plaintiffs brought this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), claiming that Defendants failed to pay them federally mandated overtime and minimum wages. Compl. [Doc. 1]. On February 13, 2018, the parties filed a Joint Stipulation of Dismissal With Prejudice [Doc. 21] ("Joint Stipulation"). In their Joint Stipulation, the parties represented that they had agreed to resolve their dispute and finalized the terms of their resolution in a written agreement, but did not file a copy of this settlement agreement for the Court's review. Id. at 1-2. On February 13, 2018, the Court ordered that the parties supplement their Joint Stipulation by filing a complete

copy of the signed settlement agreement on the public docket. See Feb. 13, 2018, Order [Doc. 22] ("Feb. 13 Order") at 5.[1] Shortly afterwards, the parties filed two settlement agreements with the Court, one signed by Plaintiff Scurry and the other by Plaintiff Gary. See Settlement Agreements [Docs. 23 & 24].

The Court has reviewed the parties' Settlement Agreements with respect to Plaintiffs Scurry and Gary to determine their adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Based on its review of the parties' Settlement Agreements and the record in this case, the Court concludes: (1) the terms of the Settlement Agreements are fair, reasonable, and adequate resolutions of this action; and (2) the Settlement Agreements were reached in an adversarial context where both parties had legal representation.

Upon consideration of the parties' Settlement Agreements, the Court **ORDERS** that the payment of the settlement amounts and attorney's fees shall be made as provided in the Settlement Agreements. Except as stated in the Settlement

---

[1] As explained in more detail in the Court's February 13 Order, the parties originally contended that there was "no need for judicial review of [the settlement] agreement because the resolution will compensate Plaintiffs in full." Joint Stipulation at 2. The Court rejected this argument, which runs counter to the "particularly strong" presumption of public access to FLSA settlement agreements. See Feb. 13 Order at 2-5 (collecting authority).

Agreements, each party shall bear its own costs of litigation, including attorney's fees.

Accordingly, the Court **APPROVES** the parties' Settlement Agreements, and hereby **DISMISSES** all claims in the above-styled action **WITH PREJUDICE**. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreements.

The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED** this 14th day of February, 2018.

_____
MARK H. COHEN
United States District Judge